OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. A&B Refuse Disposers, Inc. v. Schregardus, Director, Environmental Protection Agency.
[Cite as State ex rel. A&B Refuse Disposers, Inc. v. Schregardus (1994), Ohio St.3d .]
Mandamus to compel Director of Environmental Protection Agency to approve a trust fund the agency ordered relator to fund, recognize a successor trustee, and approve payment of the trustee's fees -- Writ denied, when.
(No. 93-161 -- Submitted December 7, 1993 -- Decided February 23, 1994.)

In Mandamus.

On Motion for Summary Judgment.

On January 28, 1993, relator, A&B Refuse Disposers, Inc., filed an "application" for a writ of mandamus, alleging that it was the grantor of a certain trust (the Closure Trust Fund) created on June 24, 1991 pursuant to findings and orders issued by the respondent Director of Environmental Protection on May 21, 1991. The "application" further stated that Thaddeus Shalek resigned as trustee and his successor, Edwin Morgan, was asked to provide the annual evaluation of the trust as provided for in the trust agreement, but that respondent rejected Morgan as successor trustee. The application then asked for a writ of mandamus to compel respondent to (1) approve the trust fund, (2) recognize Morgan a successor trustee, and (3) approve payment of the trustee's fees under the terms of the trust agreement and R.C. Chapter 3734.

Respondent filed a motion to dismiss for failure to state a claim on which relief can be granted. Because an affidavit and other evidentiary materials were attached to the motion, on June 2, 1993 the court converted it to a motion for summary judgment under Civ. R. 12(B). The parties were given fourteen days to submit additional evidence or argument. Respondent submitted additional material on June 16, 1993; relator did not. However, on June 21, 1993, relator's counsel submitted a motion to withdraw as counsel, requesting a thirty-day stay of proceedings for relator to obtain new counsel. On July 9, 1993, the court granted the motion. However, relator has never notified the court of the appointment of new counsel.

On October 21, 1993, respondent filed a motion to dismiss for want of prosecution. Relator has not responded to the motion.

Since the stay granted relator to obtain new counsel has long since expired, and relator's motion for the stay was filed after the time established to submit evidence on the summary judgment motion, we proceed on that latter motion.

David C. Eiser, for relator.

Lee I. Fisher, Attorney General, David C. Cox and Gertrude M. Kelly, Assistant Attorneys General, for respondent.

Per Curiam. Relator claims respondent has a clear legal duty to approve the Closure Trust Fund. However, it is not clear what relator means by this claim. In "Relator's Opposition to Respondent's Motion to Dismiss," filed before the court converted respondent's motion into a motion for summary judgment and before relator's counsel withdrew from the case, relator argued that the language of the Closure Trust Fund of which it is the grantor varies from certain language required for such trust by Ohio Adm. Code 3745-27-17 - - particularly language concerning who may amend the trust ("grantor and trustee" under Section 13 of the actual trust; "grantor, trustee, and [OEPA] director" under Section 16 of Ohio Adm. Code 3745-27-17) - - and that this somehow gives rise to the duty of respondent to act under R.C. 3734.02. R.C. 3734.02, among other things, permits the respondent to grant variances from rules, but we can discern from it no clear legal duty on him to approve this particular trust, as relator requests.

Next, relator requests that respondent be compelled to appoint Edwin E. Morgan successor trustee. However, the very rule relator cites, Ohio Adm. Code 3745-27-17, provides only for a corporate trustee or national bank, and relator has not established that Morgan is either. Moreover, respondent has submitted evidence attached to his "motion to dismiss" that he did approve Society National Bank, Akron, as trustee, but that relator had not yet acceded to the appointment. Accordingly, we find no clear legal right or duty on this issue.

Finally, relator argues that mandamus will lie to compel payment of the trustee's fees from the Closure Trust Fund. However, the trust agreement is vague on this point. Section 10 states:

"Trustee compensation. The trustee will be entitled to reasonable compensation for his service as agreed upon in writing periodically with the grantor."

On the other hand, Section 7 of the trust agreement provides in part:

"* * * compensation of the trustee to the extent not paid directly by the grantor * * * will be paid from the fund."

According to paragraph eight of the complaint, the original trustee resigned when he was advised (presumably by respondent) that he must seek his fees from relator.1 Whether or not respondent correctly interpreted the trust agreement on this point, we can find no clear legal duty on his part to order the trustee to be reimbursed from the trust fund. The issue is one of the construction of a trust agreement, unaccompanied by any corresponding clear legal duty

of respondent to order payment of the trustee's fees.

Accordingly, for the reasons stated, we grant the motion for summary judgment and deny the writ.

Summary judgment granted<br/>and writ denied.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE
1    The trustee allegedly appealed to the Environmental Board of Review and lost on jurisdictional grounds.